**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **VALENCIA K. MATTHEWS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Civil No. 3:12-CV-00692-NJR** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **Criminal No. 4:09-CR-40069-GPM** |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a motion by Valencia K. Matthews ("Matthews") to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Matthews's motion is based primarily on claims of ineffective assistance of counsel, as well as an *Alleyne* argument. The Government responded to Matthews's brief as ordered by this Court.

### FACTUAL AND PROCEDURAL OVERVIEW

Analysis of the petition begins with an overview of the factual and procedural background of the underlying criminal case. On October 6, 2009, a grand jury returned a thirty-three count indictment, in part charging Matthews with conspiracy to distribute fifty or more grams of crack cocaine in violation of Title 21, United States Code, Section 841(b)(1)(A) ("Count 1"), and three separate counts of distributing less than five grams of crack cocaine in violation of Title 21, United States Code, Section 841(a)(1) ("Counts

19, 20, and 21") (Doc. 1 in Case No. 4:09-cr-40069-GPM).[1] After Matthews's subsequent arrest and detention, Criminal Justice Act Panel Attorney Susan Gentle was appointed to represent Matthews (Doc. 58 in in Case No. 4:09-cr-40069-GPM ).

On November 25, 2009, the Government filed a 21 U.S.C. § 851 Information to Establish a Prior Conviction, for the purpose of enhancing Matthews's sentence on Count 1 (Doc. 128 in Case No. 4:09-cr-40069-GPM). The § 851 Enhancement stated that on or about June 12, 2009, Matthews was convicted of unlawful possession of a controlled substance in Marion County, Illinois Circuit Court Case 08-CF-115 ("prior conviction"), and that such an offense was a felony drug offense as defined in 21 U.S.C. § 802(44) (Doc. 128 in Case No. 4:09-cr-40069-GPM).

On February 2, 2010, in front of Magistrate Judge Philip M. Frazier, Matthews made an open plea of guilty to all Counts (Doc. 175 in Case No. 4:09-cr-40069-GPM). A Rule 11 colloquy was conducted where Matthews stated she was satisfied with Gentle's representation and had plenty of time to discuss the case with Gentle (Doc. 365 in Case No. 4:09-cr-40069-GPM). Magistrate Judge Frazier explained to Matthews that she was giving up her right to a jury trial and her right for Gentle to challenge any physical evidence that the Government would be required to present at a trial (Doc. 365 in Case No. 4:09-cr-40069-GPM).

The Government described the anticipated sentence ranges for the individual

---

[1] The underlying criminal case was originally assigned to District Judge G. Patrick Murphy. Magistrate Judge Philip M. Frazier presided at the change of plea hearing in February 2010 (*see* Doc. 175), and Judge Murphy sentenced Defendant Matthews on June 28, 2010 (*see* Doc 416 in criminal case). Upon Judge Murphy's retirement in December 2013, the criminal case was reassigned to District Judge J. Phil Gilbert. References in this order to the criminal case number include Judge Murphy's initials, as he was the assigned judge during the relevant time period.

counts and specified a § 851 enhancement was filed applying to Count 1, which created a mandatory minimum sentence of 240 months of imprisonment (Doc. 365 in Case No. 4:09-cr-40069-GPM). Magistrate Judge Frazier again highlighted the minimum twenty year sentence on Count 1 and asked Matthews if she understood the possible punishments, to which Matthews stated she did (Doc. 365 in Case No. 4:09-cr-40069-GPM). Magistrate Judge Frazier twice asked Matthews if she was pleading guilty due to any promise or guarantee of a certain sentence, to which Mathews said she was not (Doc. 365 in Case No. 4:09-cr-40069-GPM). Finding Matthews was doing so freely and voluntarily, Magistrate Judge Frazier issued a Report and Recommendation that the guilty plea be accepted (Doc. 178 in Case No. 4:09-cr-40069-GPM).

On May 11, 2010 a Presentence Investigation Report ("PSR") was filed with the Court (Doc. 342 in Case No. 4:09-cr-40069-GPM). The PSR concluded that Matthews's actions qualified for a base offense level of thirty two with a three point downward adjustment for acceptance of responsibility (Doc. 342 in Case No. 4:09-cr-40069-GPM). The PSR also found that Matthews should receive four points due to her criminal history (Doc. 342 in Case No. 4:09-cr-40069-GPM). Because all charges were closely related, the recommended guideline range was calculated using the total amount of drugs involved in the offense, which resulted in a guideline range of 108-135 months for Counts 19, 20, and 21, with the statutory minimum for Count 1 being 240 months (Doc. 342 in Case No. 4:09-cr-40069-GPM).

Matthews was sentenced on June 28, 2010, by District Judge G. Patrick Murphy (Docs. 416, 419 in Case No. 4:09-cr-40069-GPM). After accepting Matthews's guilty plea,

Judge Murphy found the PSR findings were correct and sentenced Matthews to the statutory minimum 240 month term of imprisonment for Count 1, and 108 months of imprisonment for Counts 19, 20, and 21, with all sentences running concurrently (Doc. 475 in Case No. 4:09-cr-40069-GPM).

Matthews appealed her sentence on July 9, 2010 (Doc. 444 in Case No. 4:09-cr-40069-GPM). At that time, Gentle withdrew from the case, and attorney Eric M. Schwing was appointed to represent Matthews on the appeal (Doc. 478 in Case No. 4:09-cr-40069-GPM). Matthews argued the use of her prior felony conviction violated her Fifth and Sixth Amendment rights because the facts of her prior conviction were not presented to the grand jury, alleged in the indictment, or proven by a preponderance of the evidence (Doc. 617-2 in Case No. 4:09-cr-40069-GPM). The Seventh Circuit Court of Appeals found that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), foreclosed the challenge (Doc. 617-2 in Case No. 4:09-cr-40069-GPM). As such, the Court of Appeals affirmed the sentence (Doc. 617-2 in Case No. 4:09-cr-40069-GPM).

On June 7, 2012, Matthews, proceeding *pro se*, filed the instant motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Doc. 1). The Government responded to the motion on May 7, 2013 (Doc. 7). More than two years later, on June 12, 2015, an attorney, Randall C. Cahill, filed a reply and an affidavit in response to the Government's response (Docs. 11, 12). The Court notes the untimely filing of the reply. The reply filed by counsel simply organizes Matthews's previous arguments in a more logical and in depth manner. This reply does not raise any new arguments, but it does

add more detail to some existing arguments that lacked specifics. The Government in turn filed a sur-reply (Doc. 14).

Matthews initially sets forth several arguments but then fails to develop them. Because Matthews fails to give any supporting details to these arguments, the Court will not address arguments 1 and 2 set forth in the memorandum in support of her § 2255 motion (Doc. 3). *Raghunathan v. Holder*, 604 F.3d 371, 378 (7th Cir. 2010) ("[S]tating blankly what one's argument *is* and actually *arguing* a position are different things."); *United States v. Holm,* 326 F.3d 872, 877 (7th Cir. 2003)( "[I]t is not the obligation of this court to research and construct the legal arguments open to parties.").

Matthews's § 2255 surviving grounds for relief are:

(1) Ineffective assistance of counsel by Gentle because she did not have the substance that was assumed to be crack cocaine tested to ensure that it was crack cocaine;

(2) Ineffective assistance of counsel by Gentle because she advised Matthews to take the plea deal; and

(3) The Supreme Court ruling in *Alleyne* retroactively renders Matthews's sentence unconstitutional, because the District Court used prior convictions to statutorily enhance the sentence.

## LEGAL STANDARDS

### I.    Timeliness

A one-year limitation period governs petitions to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(f); *Narvaez v. United States,* 674 F.3d 621, 625 (7th Cir. 2011). *Accord Clay v. United States,* 537 U.S. 522, 524 (2003) ("A motion by a federal prisoner … under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'"). The one-year period is

triggered by the latest of four events:

    (1)   the date on which the judgment of conviction becomes final;

    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Government concedes that Matthews's petition was timely filed under § 2255(f).

## II.    Evidentiary Hearing

"[A]n evidentiary hearing is not warranted for every § 2255 petition." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (citing *Key v. United States*, 806 F.2d 133 (7th Cir. 1986)). "Pursuant to § 2255, the district court has discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* at 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)).

An evidentiary hearing is warranted if "the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo v. United States,* 467 F.3d 1063, 1067 (7th Cir. 2006) (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)) (internal quotations omitted). These allegations cannot be "vague, conclusory, or palpably incredible," however, and they must be supported by a "detailed and specific affidavit which shows

that the petitioner ha[s] actual proof of the allegations going beyond mere unsupported assertions." *Id*. (quoting *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996)) (internal quotations omitted).

An evidentiary hearing is not warranted here. The issues can be resolved on the existing record, which for the reasons explained below, conclusively demonstrate that Matthews is not entitled to relief. *See* Rule 8(a) of Rules Governing Section 2255 Proceedings; *Almonacid v. United States*, 476 F. 3d 518, 521 (7th Cir.), *cert. denied*, 551 U.S. 1132 (2007).

## III.    Collateral Review under 28 U.S.C. § 2255

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. The United States Court of Appeals for the Seventh Circuit has emphasized that relief under § 2255 "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or a fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013). *Accord Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (Section 2255 relief is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect that inherently resulted in a complete miscarriage of justice); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) ("relief under 28 U.S.C. § 2255 is reserved for extraordinary situations").

Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate

issues decided on direct appeal. *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003),

*cert. denied*, 540 U.S. 926 (2003); *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009);

*White v. United States,* 371 F.3d 900, 902 (7th Cir. 2004).

## IV.    Ineffective Assistance of Counsel

Most claims of ineffective assistance of trial counsel are properly raised for the

first time via § 2255 motion, as opposed to on direct appeal. This is because such claims

generally are better suited for collateral review under § 2255, where a fuller record can

be developed. *See, e.g., Massaro v. United States,* 538 U.S. 500, 504-05 (2003); *United States v.*

*Walltower,* 643 F.3d 572, 579 (7th Cir. 2011); *United States v. Harris,* 394 F.3d 543, 557 (7th

Cir. 2005).

The Sixth Amendment to the United States Constitution provides that in all

criminal prosecutions, "the accused shall enjoy the right … to have the Assistance of

Counsel for his defense." U.S. CONST. AMEND. VI. The right to assistance of counsel

encompasses the right to *effective* assistance of counsel. *Blake,* 723 F.3d at 879 (citing

*Watson v. Anglin,* 560 F.3d 687, 690 (7th Cir. 2009)).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated two

requirements that must be satisfied for a convicted defendant to succeed in an ineffective

assistance of counsel claim. A defendant must prove that (1) "counsel's representation

fell below an objective standard of reasonableness," and (2) "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Strickland,* 466 U.S. 688 at 669. "A court does not have to

analyze both prongs of the *Strickland* test" because "[a] defendant's failure to satisfy

either prong is fatal to his claim." *Ebbole v. United States*, 8 F. 3d 530, 533 (7th Cir. 1993) (further citation omitted). The *Strickland* test is also the appropriate standard for evaluating a claim of ineffective assistance of appellate counsel. *See Winters v. Miller*, 274 F. 3d 1161, 1167 (7th Cir. 2001).

## ANALYSIS

## I. Ineffective assistance of counsel by Gentle because she did not have the substance that was assumed to be crack cocaine tested to ensure that it was crack cocaine

Matthews's first ground for relief is that her original counsel, Gentle, rendered constitutionally deficient services when she did not request that the substance that was assumed to be crack cocaine be tested to ensure that it was, in fact, crack cocaine (Doc. 3). This argument fails both prongs of the *Strickland* test.

Matthews never denied that she sold crack cocaine to a confidential source. Matthews simply challenges that Gentle never required that the Government prove by a preponderance of the evidence that the substance was in fact, crack cocaine. *United States v. Earnest*, 185 F.3d 808, 811 (7th Cir. 1999) (stating that "[t]o invoke the crack cocaine enhancement the government must prove by a preponderance of the evidence that the substance was crack cocaine and not another form of cocaine powder"). Due to Matthews's failure to object to the Court referring to the substance as crack cocaine, the Government no longer has a burden of proving the substance was crack cocaine. *United States v. Gray*, 182 F.3d 762,768 (10th Cir. 1990) (stating that when Gray pleaded guilty to conspiracy to possess and distribute crack… "[t]hese admissions relieve the government of any burden it had at sentencing to show that the drug involved was crack"). Thus,

after Matthews's change of plea hearing, the burden was no longer on the Government to prove the chemical makeup of the substance in question.

Matthews states that Gentle was an ineffective counsel because she did not require testing of the substance to ensure that it was crack cocaine. But Matthews has yet to claim or provide the Court with a sworn affidavit stating that the substance was not crack cocaine. The Court further notes that the PSR states that the substance purchased from Matthews on all three controlled buys was tested and came back as crack cocaine (Doc. 342 in Case No. 4:09-cr-40069-GPM). While Matthews did make objections to the PSR, she never made one relating to the classification of the substance as crack cocaine (Doc. 361, 364 in Case No. 4:09-cr-40069-GPM). In order for Matthews to succeed on this argument, she must prove that the substance at the heart of her conviction was not crack cocaine. *Id*. at 768 ("Because he claims that he should not have been sentenced for possession of crack, he must prove that the drugs central to his conviction were not crack."). The words "crack" or "crack cocaine" were used approximately nineteen times at Matthews's change of plea hearing, and she never once contested this categorization to the Court or to Gentle (Doc. 365 in Case No. 4:09-cr-40069-GPM). Matthews never claims that she told Gentle or the Court that the substance was not crack cocaine, and she provides no evidence to this day that the substance was something other than crack cocaine. Thus, it is reasonable for this Court to assume that the substance in Matthews's possession was in fact crack cocaine.

The Seventh Circuit previously held "[A] defendant's admission that a substance was crack cocaine to undercover officers, his acceptance of statements made by others in

the district court during his plea hearing, and the use of the term by his counsel during his sentencing hearing were also sufficient evidence upon which a district court could conclude that the substance in question was crack cocaine." *Earnest*, 185 F.3d. at 813. Matthews neglects to address that she admitted five times during her sentencing that she was in fact *guilty* of conspiracy to distribute and distribution of crack cocaine. (Doc. 365 in Case No. 4:09-cr-40069-GPM). At no point during the sentencing does Mathews state that she did not sell crack cocaine to a confidential source. Magistrate Judge Frazier said to Matthews "I cannot accept your plea unless you acknowledge that you are, in fact, guilty as charged." Matthews responded "Yes, I am guilty." (Doc. 365 in Case No. 4:09-cr-40069-GPM). The substance was continually referred to as crack cocaine in the indictment, the PSR, at the change of plea hearing, and at sentencing. These reasons, in conjunction with the holding from *Earnest*, allows this Court to find that the substance was crack cocaine.

Matthews's first argument fails the first and second prongs of the *Strickland* test. Gentle's actions can be seen as objectively reasonable based on the circumstances. Matthews never made any statements that would have led Gentle to question whether the substance was crack cocaine. Matthews also fails the second prong of the *Strickland* test. Assuming that Gentle acted unreasonably, Matthews would still have the burden of proving that the substance in question was not crack cocaine. *United States v. Trice*, 484 F.3d 470, 475-76 (7th Cir. 2007); *Gray*, 182 F.3d at 768 ("Having failed to claim the existence of evidence that the drug involved was not crack, appellant cannot meet the

prejudice prong of his ineffective counsel claim."). Because Matthews makes no such claim, she fails the second prong of the *Strickland* test.

## II.    Ineffective assistance of counsel by Gentle because she advised Matthews to take the plea deal;

Matthews claims that Gentle was an ineffective counsel because of her advice to accept the plea deal. Matthews further contends that her plea was not voluntary. These arguments fail the *Strickland* test on both prongs. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (holding that the two part test adopted in *Strickland* applies to guilty pleas challenges based on ineffective assistance of counsel).

Matthews puts forth no evidence that she was either coerced or forced into accepting her plea deal. In Matthews's reply, her attorney described Gentle's legal advice as "Kevorkianesque assisted suicide" (Doc. 14). But Matthews stated at least *eight* times at her change of plea hearing that she understood the charges against her, she was not forced to plead guilty or promised anything to plead guilty, and that she was happy with the legal services she received. Further, Matthews fails to provide an affidavit or even identify how or when she was strong-armed into accepting her plea deal. To call this "Kevorkianesque assisted suicide" is absurd.

In order for Mathews to succeed on this claim she must assert that Gentle's advice to plead guilty was outside "the range of competence demanded of attorneys in criminal cases." *Id*. at 52. Matthews's counsel relies on *Massaro*, in stating that "[t]here is no conceivable basis for finding that this was a knowing voluntary plea, under these circumstances." *Massaro* simply holds, however, that ineffective assistance of counsel does not need to be brought on direct appeal in order to be to be argued in a collateral

proceeding. *See Massaro*, 538 U.S. 500. Matthews's counsel relies strongly on a case that, in fact, does not support Matthews's claim at all.

Gentle was not unreasonable to advise Matthews to take the plea deal offered to her because Matthews was audio and video recorded selling several grams of crack cocaine to a confidential source multiple times. In fact, because Matthews took this plea deal, she received a three point reduction in her offense level. "Representation is an art, and an act or omission that is unprofessional in one case may be sound or brilliant in another." *Hill*, 474 U.S. at 58. Gentle's decision to advise Matthews to plead guilty can be assumed to be a reasonable and strategic decision because of the amount of evidence against Matthews. For these reasons, Matthews's argument fails the first prong of the *Strickland* test.

In order for Matthews to satisfy the second prong of the *Strickland* test she "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59. Matthews's reply claims that "Petitioner's trial counsel advised her to 'admit' to the applicability of the 20-year mandatory minimum, which is an admission to an absurdity" (Doc. 11). But neither Matthews nor her counsel offer any facts to support this strong assertion. This Court cannot hold that Matthews would have proceeded to trial or that her outcome would have been any different but for Gentle's advice. Matthews fails the second prong of the *Strickland* test, and thus, this argument fails.

**III.    The Supreme Court ruling in *Alleyne* retroactively renders Matthews's sentence unconstitutional, because the District Court used prior convictions to statutorily enhance the sentence**

Matthews's final claim of ineffective assistance of counsel arises because her past crime was used to enhance her sentence. Matthews contends that the Government participated in the "most insidious sentencing factor misrepresentation," by failing to allege the prior conviction as an essential element of the case (Doc. 11). Matthews relies on *Alleyne* in her position that any factor that increases the mandatory minimum sentence is an element of the crime and must be alleged and submitted to the jury (Doc. 11). *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

Matthews's counsel argues that her past crime cannot be used to enhance her sentence because her conviction was not final before the beginning of this conspiracy (Doc. 11). This argument is unpersuasive. Matthews continued to participate in the current conspiracy after her prior conviction was finalized, and as long as her prior conviction was finalized during the conspiracy at hand, it may be used to enhance her sentence. *United States v. Garcia*, 32 F.3d 1017, 1018-19 (7th Cir. 1994); *See also United States v. Hughs*, 924 F.2d 1354 (6th Cir. 1991). The conspiracy arising from the case at hand ran from March 2009 through September 2009. Matthews was convicted and sentenced for her prior conviction on June 12, 2009. Matthews did not appeal that conviction, so her conviction was finalized July 12, 2009.[2]

---

[2] Matthews had thirty days from the time of the final judgment of her prior conviction, her sentencing, to appeal. 58 Ill.2d R. 606(b); *People v. Allen*, 71 Ill. 2d 378, 381, 375 N.E.2d 1283, 1284 (1978) (citing *People v. Warship*, 59 Ill.2d 125, 130, 319 N.E.2d 507 (1974) (stating that the final judgment in a criminal case is the sentence)). Thus, on July 12, 2009, when Matthews had yet to file an appeal, the appeal rights on her past conviction were terminated, and she no longer had any options to move this case forward.

The Supreme Court held in Alleyne that "any fact that increases [a] mandatory minimum sentence for a crime is [an] 'element' of [the] crime, not [a] 'sentencing factor', that must be submitted to the jury." *Id.* at 2151. *Alleyne* specifically declined to address the ongoing validity of the prior conviction exception. Thus, *Alleyne*'s ruling does not entitle Matthews to relief. Even if *Alleyne*'s ruling was applicable to Matthews, the Supreme Court would have had to find that the ruling can be applied retroactively because Matthews was sentenced almost three years before this opinion. The Seventh Circuit has found, however, that until the Supreme Court holds otherwise, *Alleyne* does not apply retroactively to cases on collateral review. *See United States v. Martin,* 564 Fed. Appx. 850, 851 (7th Cir. 2014); *see also Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013) ("The Court resolved *Alleyne* on direct rather than collateral review. It did not declare that its new rule applies retroactively on collateral attack."); *see also United States v. King,* 13 C 5927, 2014 WL 3558759, at *2 (N.D. Ill. July 14, 2014); *see also United States v. Partee,* 11 C 6758, 2014 WL 584874, at *5 (N.D. Ill. Feb. 13, 2014). Because the Supreme Court has not declared *Alleyne* to be retroactive, Matthews's argument fails.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "[A] district court's dismissal of a motion on the ground that it is an unauthorized successive collateral attack constitutes a final order within the scope of 28 U.S.C. § 2253(c), and therefore a certificate of appealability is required." *See Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (per curium). 28 U.S.C. § 2253(c)(2) provides that a

certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012), *quoting Tennard v. Dretke,* 542 U.S. 274, 281 (2004). *See also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For the reasons set forth above, the Court has determined that Mathews has not stated any grounds for relief under § 2255, and reasonable jurists would not find that conclusion debatable or wrong. Thus, Matthews has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

### CONCLUSION

For the reasons set forth above, Matthews's motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED.** This action is **DIMMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:   November 4, 2015**

s/_Nancy J. Rosenstengel___
**NANCY J. ROSENSTENGEL**
**United States District Judge**