## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **VALENCIA K. MATTHEWS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:12-CV-00692-NJR** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

If Petitioner wishes to appeal this denial of her 2255, she may file a notice of appeal with this court within 60 days after the date the order was entered. FED. R. APP. P. 4(a)(1)(B). The Court may extend the time to file a notice of appeal, but only if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and… that party shows excusable neglect or good cause." FED. R. APP. P. 4(a)(5).

A motion for leave to appeal *in forma pauperis* should set forth issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 34(a)(1)(C). If Petitioner does choose to appeal, and is allowed to proceed *in forma pauperis*, she will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on her prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3€; 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Petitioner is further advised that a motion filed pursuant to FEDERAL RULE OF CIVIL PROCEDURE 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion *may* toll the 60-day appeal deadline, but a motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

Petitioner cannot take an appeal unless a circuit justice or judge issues a certificate of appealability under 28 U.S.C. § 2253(c). Here, the undersigned District Judge has already declined to issue a certificate of appealability. Thus, Petitioner must seek a certificate of appealability from the Court of Appeals under FEDERAL RULE OF APPELLATE PROCEDURE 22.

**IT IS SO ORDERED.**

**DATED: November 4, 2015**

**s/  Nancy J. Rosenstengel**
**NANCY J. ROSENSTENGEL**
**United States District Judge**